**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| MIGUEL RIVERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| US FOODS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL PETITION
WITH JURY DEMAND AND REQUEST FOR DISCLOSURE**

Defendant, US FOODS, INC., by and through its attorneys, for its Answer to Plaintiff Miguel Rivera's ("Plaintiff") Original Petition, denies each and every allegation set forth, except as hereinafter specifically admitted, qualified, explained, clarified, or otherwise pleaded, and specifically answers as follows:

**I. Discovery Level**

**COMPLAINT ¶1:**

Discovery is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

**ANSWER:**

Defendant denies the allegations in Paragraph 1.

**II. Parties**

**COMPLAINT ¶2:**

Employee Rivera is a natural person residing in El Paso, Texas.

**ANSWER:**

Defendant denies that Plaintiff is its current employee. Upon information and belief, Defendant admits the remaining allegations in Paragraph 2.

**COMPLAINT ¶3:**

Employer US Foods, Inc., is a company which may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701-3136 USA, or wherever it may be found.

**ANSWER:**

Defendant denies that it is Plaintiff's current employer.  Defendant admits the remaining allegations in Paragraph 3.

### III. Venue

**COMPLAINT ¶4:**

Pursuant to Texas Civil Practice and Remedies Code Section 15.002, venue is proper in El Paso County, Texas because all or a substantial part of the events or omissions giving rise to Employee Rivera's claims occurred in El Paso County, Texas.

**ANSWER:**

Defendant denies the allegations in Paragraph 4.

### IV. Facts of the Case in Chronological Order

**COMPLAINT ¶5:**

Employers MUST, under the Family and Medical Leave Act, prevent discrimination against employees who take job-protected medical leave for their own serious health condition to protect employees, like all of us, from financial injuries and emotional traumas.

**ANSWER:**

Defendant denies any allegations in Paragraph 5 that are inconsistent with the Family and Medical Leave Act ("FMLA").

**COMPLAINT ¶6:**

Employers MUST, under the Family and Medical Leave Act, provide job-protected medical leave to employees for their own serious health condition to protect employees, like all of us, from financial injuries and emotional trauma.

**ANSWER:**

Defendant denies any allegations in Paragraph 6 that are inconsistent with the FMLA.

**COMPLAINT ¶7:**

Employers MUST, under the Family and Medical Leave Act, prevent retaliatory job terminations against employees who take job-protected medical leave for their own serious health condition and protect employees, like all of us, from financial injuries and emotional trauma.

**ANSWER:**

Defendant denies any allegations in Paragraph 7 that are inconsistent with the FMLA.

**COMPLAINT ¶8:**

Under the Family and Medical Leave Act, if an employer requests that an employee furnish medical certification for a requested leave, the employer must do so within five business days of the employee's request, or, in the case of unforeseen leave, within five business days after the leave commences.

**ANSWER:**

Defendant denies any allegations in Paragraph 8 that are inconsistent with the FMLA.

**COMPLAINT ¶9:**

Employers MUST, under the Family and Medical Leave Act, provide 15 calendar days for the employee to furnish medical certification after the Employer's request UNLESS it is not practicable under the circumstances, then Employer MUST provide more than 15 days to return the requested certification.

**ANSWER:**

Defendant denies any allegations in Paragraph 9 that are inconsistent with the FMLA.

**COMPLAINT ¶10:**

US Foods, Inc. is an employer.

**ANSWER:**

Defendant admits the allegations in Paragraph 10.

**COMPLAINT ¶11:**

Employer US Foods is an employer which must abide by the Family and Medical Leave Act.

**ANSWER:**

Defendant admits the allegations in Paragraph 11.

**COMPLAINT ¶12:**

US Foods MUST, under the Family and Medical Leave Act, prevent discrimination against employees who take job-protected medical leave for their own serious health condition to protect employees from financial injuries and emotional traumas.

**ANSWER:**

Defendant denies any allegations in Paragraph 12 that are inconsistent with the FMLA.

**COMPLAINT ¶13:**

US Foods MUST, under the Family and Medical Leave Act, provide job-protected medical leave to employees for their own serious health condition to protect employees from financial injuries and emotional trauma.

**ANSWER:**

Defendant denies any allegations in Paragraph 13 that are inconsistent with the FMLA.

**COMPLAINT ¶14:**

US Foods MUST, under the Family and Medical Leave Act, prevent retaliatory job terminations against employees who take job-protected medical leave for their own serious health condition and protect employees from financial injuries and emotional trauma.

**ANSWER:**

Defendant denies any allegations in Paragraph 14 that are inconsistent with the FMLA.

**COMPLAINT ¶15:**

US Foods MUST, under the Family and Medical Leave Act, when requesting medical certifications from an employee, request such documentation *at the time* employee gives notice of the need for leave *or within five business days* there after, or, in the case of unforeseen leave, within five business days after the leave commences.

**ANSWER:**

Defendant denies any allegations in Paragraph 15 that are inconsistent with the FMLA.

**COMPLAINT ¶16:**

US Foods MUST, under the Family and Medical Leave Act, provide 15 calendar days for the employee to furnish medical certification after US Foods's request UNLESS it is not practicable under the circumstances, then US Foods MUST provide more than 15 days to return the requested certification.

**ANSWER:**

Defendant denies any allegations in Paragraph 16 that are inconsistent with the FMLA.

**COMPLAINT ¶17:**

On or about July of 2006 Employer US Foods hires an Employee as a delivery driver.

**ANSWER:**

Defendant admits that it hired Plaintiff as a delivery driver on July 17, 2006. Defendant denies any remaining allegations in Paragraph 17.

**COMPLAINT ¶18:**

Employer US Foods is aware delivery driver employees during any given shift are required to be rested, have good vision, and be otherwise alert in order to drive safely.

**ANSWER:**

Defendant admits the allegations in Paragraph 18.

**COMPLAINT ¶19:**

On or about July 11, 2020 Employer US Foods is put on notice via Employee's phone call to HR Director Analie [LNU] that Employee sustained an eye injury, and was experiencing double vision as a result.

**ANSWER:**

Defendant admits that, on or about June 27, 2020, Plaintiff claimed that he had double vision and could not drive. Defendant denies the remaining allegations in Paragraph 19.

**COMPLAINT ¶20:**

Employer US Foods is on notice, via Employee's report to HR Director Analie that on or about July 11, 2020, Dr. Jason Mann consults Employee and refers Employee to Dr. Chigolum Chidinma Eze, a certified Neurologist.

**ANSWER:**

Defendant currently lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 20, and therefore, denies the same.

**COMPLAINT ¶21:**

Also on the same day, Dr. Chigolum orders an MRI and bloodwork labs for Employee.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 21, and therefore, denies the same.

**COMPLAINT ¶22:**

On or about July 16, 2020 Employer US Foods is on notice, via Employee's report to HR Director Analie, that Employee gets his MRI and bloodwork done.

**ANSWER:**

Defendant currently lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 22, and therefore, denies the same.

**COMPLAINT ¶23:**

On or about July 23, 2020 Employer US Foods is on notice via a doctor's note that based on the results of the MRI and bloodwork Dr. Chigolum refers Employee to Texas Tech Specialist Dr. Johnson.

**ANSWER:**

Defendant currently lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 23, and therefore, denies the same.

**COMPLAINT ¶24:**

Dr. Johnson then refers Employee to Dr. Ponse, an eye specialist.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 24, and therefore, denies the same.

**COMPLAINT ¶25:**

Employer US Foods is on notice via a doctor's note that Dr. Ponse diagnoses Employee with a damaged muscle in Employee's eye.

**ANSWER:**

Defendant denies the allegations in Paragraph 25.

**COMPLAINT ¶26:**

Employer US Foods is on notice via doctor's note that the muscle will take time to heal completely.

**ANSWER:**

Defendant denies the allegations in Paragraph 26.

**COMPLAINT ¶27:**

Nearly 8 weeks after Employer US FOODS is notified of Employee's need for leave, does Employer's Vice President Chad [LNU] instruct Employee to call a company "FMLA phone number" so that Employer US Foods can request medical certification for the employee's medical leave.

**ANSWER:**

Defendant denies the allegations in Paragraph 27.

**COMPLAINT ¶28:**

On or about August 31, Employer's FMLA caseworker at the "FMLA phone number," who Employee believes to be Amanda Huff, demands that Employee provide medical certification for his medical leave but gives a one week deadline of September 8, 2020.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 28, and therefore, denies the same.

**COMPLAINT ¶29:**

Employer US Foods is then put on notice by Employee to the FMLA caseworker that his medical providers -- Dr. Ponse and Dr. Chigolum -- are not able to provide FMLA certification paperwork by the September 8, 2020 deadline.

66367093v.1

**ANSWER:**

Defendant denies the allegations in Paragraph 29.

**COMPLAINT ¶30:**

On or about September 8, 2020 Employer US Foods' FMLA caseworker then gives Employee a two week extension, a deadline of approximately September 22, 2020, to turn in Employer US Foods requested FMLA certification.

**ANSWER:**

Defendant denies the allegations in Paragraph 30.

**COMPLAINT ¶31:**

On September 15, 2020, one week before the Employer-set deadline, Employer US Foods' Supervisor Billy Telles, Vice President Chad, and HR Director Analie [LNU] call Employee.

**ANSWER:**

Defendant admits that, on September 15, 2020, Plaintiff was notified via telephone call by William Telles (Transportation Supervisor) and Annalee Bradley (HRM, New Mex-Tex Area) that his employment was terminated. Defendant denies the remaining allegations in Paragraph 31.

**COMPLAINT ¶32:**

On this phone call, Employer US Foods' Supervisor Billy Telles terminates Employee for "unapproved absences."

**ANSWER:**

Defendant admits that Plaintiff was terminated on September 15, 2020 for exceeding the allowed attendance points for being out on an unapproved leave. Defendant denies the remaining allegations in Paragraph 32.

**COMPLAINT ¶33:**

That Employee is Mr. Miguel Rivera.

**ANSWER:**

Defendant admits the allegations in Paragraph 33.

## V. CAUSES OF ACTION

### A. Family & Medical Leave Act

**COMPLAINT ¶34:**

Employee Rivera was an eligible employee as defined by 29 U.S.C. §2611 of the FMLA because Employee Rivera worked for Employer US Foods for at least 12 months and for at least 1250 hours of service during the previous 12-month period before Employee Rivera first took and or requested FMLA leave.

**ANSWER:**

Upon information and belief, Defendant admits the allegations in Paragraph 34.

**COMPLAINT ¶35:**

Employee Rivera was also an "individual" (as distinct from an "eligible employee") entitled to be free from discrimination and retaliation as set out in 29 U.S.C. §2615(a)(2),(b).

**ANSWER:**

Upon information and belief, Defendant admits that Plaintiff was an "individual" as that term is used in 29 U.S.C. § 2615(a)(2), (b). Defendant denies any remaining allegations in Paragraph 35 that are inconsistent with the FMLA.

**COMPLAINT ¶36:**

Employer US Foods is a "person" under the FMLA.

**ANSWER:**

Defendant admits the allegations in Paragraph 36.

**COMPLAINT ¶37:**

Employer US Foods violated the FMLA with respect to Employee Rivera in the following and other respects:

(a) Employer US Foods fired Employee Rivera on or about September 15, 2020 without providing him the leave entitlement, protections and benefits guaranteed by the FMLA because of his own serious health condition;

  (b) Employer US Foods willfully interfered with, restrained or denied Employee Rivera's exercise or Employee Rivera's attempts to exercise his rights provided by the FMLA on and before September 15, 2020; and

  (c) Employer US Foods discriminated and or otherwise retaliated against Employee Rivera in violation of the FMLA.

**ANSWER:**

  Defendant denies the allegations in Paragraph 37, including each of its subparts (a) through (c).

## VI. HARMS AND LOSSES

**COMPLAINT ¶38:**

  Employee Rivera seeks statutory damages, including two times his economic losses, under the FMLA, attorney's fees, and such other and further relief to which he is entitled in law and in equity.

**ANSWER:**

  Defendant denies Plaintiff is entitled to any of the relief requested, and otherwise denies the allegations in Paragraph 38.

## VII. JURY DEMAND

**COMPLAINT ¶39:**

  Employee Rivera requests that this case be decided by a jury as allowed by Texas Rule of Civil Procedure 216.

**ANSWER:**

  Defendant admits that Plaintiff requests a trial by jury, but denies any wrongdoing and denies that Plaintiff is entitled to any relief whatsoever.

## VIII. REQUEST FOR DISCLOSURE

**COMPLAINT ¶40:**

  Pursuant to Texas Rule of Civil Procedure 194, Employer US Foods is requested to disclose the information and material described in Rule 194.2(a)-(k).

**ANSWER:**

Defendant admits that Plaintiff requests disclosure of the information and material described in Rule 194.2(a)-(k), but denies that it has any obligation to disclose such information and material.

### IX. PRAYER

Employee Miguel Rivera prays that he recover from Employer US Foods, actual damages over $200,000.00 but not more than $1,000,000.00, including but not limited to, statutory damages, attorneys' fees, costs and such other and further relief to which he may show himself to be justly entitled, in law and in equity. Damages sought are within the jurisdictional limits of the court.

**ANSWER:**

Defendant denies Plaintiff is entitled to any of the relief requested, and otherwise denies the allegations in the Prayer Paragraph.

### AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

### First Defense

To the extent Plaintiff's claims are based on acts or omissions that occurred prior to any applicable statute of limitations, Plaintiff's claims are time-barred.

### Second Defense

To the extent Plaintiff failed to exhaust his administrative remedies and/or failed to comply with the procedural prerequisites prior to bringing some or all of his claims, the Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

### Third Defense

To the extent Plaintiff alleges that any of Defendant's employees acted in an improper or illegal manner, such conduct, if it occurred, was outside the course and scope of their

employment, was not authorized, ratified, or condoned by Defendant, and was undertaken without the knowledge or consent of Defendant. Thus, Defendant is not liable for any such conduct, if it occurred.

### Fourth Defense

Defendant avers that even if some impermissible motive were a factor in any employment decision concerning Plaintiff, a claim that Defendant expressly denies, the same decision(s) would have been reached for legitimate business reasons.

### Fifth Defense

Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory, retaliatory, or harassing behavior, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided or to avoid harm otherwise.

### Sixth Defense

Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or after-acquired evidence.

### Seventh Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and/or because Plaintiff's damages, if any, were caused by his own acts or omissions.

### Eighth Defense

To the extent Plaintiff failed to mitigate his alleged damages, his recovery, if any, must be reduced accordingly.

### Ninth Defense

Plaintiff is not entitled to liquidated damages because Defendant exercised good faith efforts to comply with all provisions of the FMLA.

### Tenth Defense

Plaintiff's claims for compensatory and liquidated damages, are barred to the extent these forms of relief are duplicative of each other.

### Eleventh Defense

Defendant reserves the right to assert any additional defenses depending on any evidence discovered in pursuit of this litigation.

WHEREFORE, Defendant respectfully requests that the Court dismiss with prejudice Plaintiff's Original Petition in its entirety and award Defendant its reasonable attorneys' fees, costs, expenses, and any and all other relief the Court deems just and proper.

**Dated: October 30, 2020**  

Respectfully submitted,

US FOODS, INC.

By: */s/ Sharilee K. Smentek*

Kyle A. Petersen
(admitted *pro hac vice*)
Sharilee K. Smentek
(admitted *pro hac vice*)
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
kpetersen@seyfarth.com
ssmentek@seyfarth.com

Esteban Shardonofsky
Texas Bar No. 24051323

SEYFARTH SHAW LLP
700 Milam Street
Suite 1400
Houston, Texas 77002
Telephone: (713) 255-2300
Facsimile: (713) 225-2340
sshardonofsky@seyfarth.com

***Attorneys for Defendant US Foods, Inc.***

-14-
66367093v.1

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing was served using the Court's CM/ECF method, and that a copy of the foregoing was served on all counsel of record, as listed below, via the Court's CM/ECF, on this the 30th day of October 2020.

    Enrique Chavez, Jr.
    Michael R. Anderson
    Christine A. Chavez
    CHAVEZ LAW FIRM
    2101 Stanton Street
    El Paso, Texas 79902
    enriquechavezjr@chavezlawpc.com
    manderson@chavezlawpc.com
    cachavez@chavezlawpc.com

                                                                     /s/ *Sharilee K. Smentek*